

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

> Opinion No. O-3935
> Re: Whether appropriation of
> "balance on hand" in fund
> for administration and en-
> forcement of motor fuel tax
> law is valid.

We have received your letter of September 4,
1941, which we quote in full as follows:

"Section 25 of Article XVII of House Bill
No. 8, Regular Session of the Forty-seventh Leg-
islature, reads, in part, as follows:

"'Before any diversion or allocation of
the motor fuel tax collected under the provi-
sions of this Article is made, one (1) per cent
of the gross amount of said tax shall be set
aside in the State Treasury in a special fund,
subject to the use of the Comptroller in the
administration and enforcement of the provi-
sions of this Article, and so much of the said
proceeds of one (1) per cent of the motor fuel
tax paid monthly as may be needed in such ad-
ministration and enforcement be and is hereby
appropriated for said purpose. <u>Any unexpended
portion of said fund so specified shall at the
end of each biennium</u> revert to the respective
funds or accounts in proper proportions to which
the Motor Fuel Tax Fund is allocated at the end
of each biennium.' (Underscoring supplied.)

"At the end of this biennium there was
several thousand dollars unexpended of the one
per cent collected under the above quoted sec-
tion of the statute.

Honorable George H. Sheppard, Page 2

"The General Appropriation Bill carries the following rider for the Comptroller's Department:

"'One per cent of the motor fuel tax collected as provided by law together with balances on hand at August 31, 1941, and August 31, 1942, are hereby appropriated to the Comptroller from which items above shall be paid, and for the administration and enforcement of the Motor Fuel Tax laws.

"'Audit and examination fees provided by law together with balances on hand at August 31, 1941, and August 31, 1942, are hereby appropriated to the Comptroller to be used in making audits.' (Underscoring supplied.)

"The question has arisen in this department as to whether or not this so-called unexpended portion is appropriated for the use and benefit of the Comptroller in the enforcement of the Motor Fuel Tax law, since it is argued that the rider in the appropriation bill supersedes the general statute allocating the balances in the fund."

It is well settled in Texas that an appropriation bill cannot repeal or modify a general law. Linden v. Finley, 92 Tex. 451; State v. Steele, 57 Tex. 200; Conference Opinions 2970, 2787, 1802; Opinions Nos. 0-700, 0-1837, 0-2573. Therefore, if the rider in question and Section 25 of Article XVII, House Bill 8 are in conflict, the former must yield to the latter.

However, it is elementary that if two statutory provisions may be given interpretations, one of which makes such provisions in conflict with each other, and the other of which makes it so that the two provisions may be read in harmony, one with the other, the latter mentioned interpretation will be given. This principle has been held to apply to a general statute and a subsequent appropriation bill.

Conley v. Daughters of the Republic, 156 S. W. 197. The announced principle would be especially applicable to the provisions under consideration since they were both passed during the same session of the 47th Legislature.

You will notice the language used in Section 25 of Article XVII:

"Any unexpended portion of said fund so specified shall at the end of each biennium revert to the respective funds or accounts in proper proportions to which the Motor Fuel Tax Fund is allocated at the end of each biennium." (Emphasis supplied)

The last sentence of Section 25 reads as follows:

"The said allocation provision shall be effective and remain in force subject to further allocation or appropriation by the general or any special appropriation bill."

Under this provision the allocation is made subject to the general appropriation bill. It follows that the Legislature was fully empowered and authorized to make the appropriation in question, and that the two provisions are not in conflict with each other.

In view of the foregoing, it is the considered opinion of this department that the rider to the appropriation to the Motor Fuel Tax Division of the Comptroller's Department appropriating the "balances on hand at August 31, 1941, and August 31, 1942" in the one per cent motor fuel tax administration fund is a valid and legal appropriation to the Comptroller of Public Accounts.

APPROVED SEP 20, 1941

*Grover Sellers*

FIRST ASSISTANT
ATTORNEY GENERAL

GWS:LM

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

By *George W. Sparks*

George W. Sparks

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN